UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN W. PRITT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:17-cv-02664-SEB-MPB ) |
| CORRECT CARE SERVICES, *et al.* | ) ) ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a prisoner currently incarcerated at New Castle Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action against the defendants pursuant to 42 U.S.C. § 1983. He alleges that he was housed at the Marion County Jail ("MCJ") on three separate occasions for court hearings—December 10-17, 2015; July 12-21, 2016; and February 17-21, 2017. During each of these occasions, the plaintiff alleges that he was denied medications for his heart condition and mental health issues. These denials were at times caused by a policy of defendant Correct Care Solutions, which prohibits inmates from retaining or having access to their medications when they are transferred to MCJ and during the first few days of incarceration there. He also alleges that several of the defendants simply denied him his medication and that he was at times told he could have it once he returned to his normal correctional facility. The plaintiff alleges that these denials caused him significant injury, including the risk of death. He seeks injunctive relief and compensatory damages.

      A.      **Properly Joined Claims**

The plaintiff's allegations are sufficient to state Eighth Amendment medical claims against Nurse Pamela Hansen, Nurse Debra Darlene Clemons, Tracy Roberts, H. Clark, Megan Andrews, Nurse Alexander Shelton, Megan Matthews, Lauren Kannaple, Laura Poland, Jennifer Eidson, Nurse Brian Carter, Hadley Wheatcraft, Melissa Rigney, and Heather Michelle Clark. He also states an Eighth Amendment policy or practice claim against Correct Care Solutions.

However, the plaintiff's claims against unknown John Doe or Jane Doe defendants must be **dismissed**. "[I]t is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

Additionally, to the extent the plaintiff wishes to bring a constitutional claim based on a denial of the grievance process, such allegations fail to state a constitutional violation. The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). As explained in *Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31 (citations omitted).

### B. Misjoined Claims

The plaintiff also asserts an Eighth Amendment claim against Melissa Rigney and a Jane Doe nurse. He alleges that on December 13, 2016, they gave him a medication to which he had an adverse reaction, including memory loss. In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Seventh Circuit explained that "[u]nrelated claims against different defendants belong in different suits." When unrelated claims are brought in the same suit, "[t]he court may . . . sever any claim against a party." Fed. R. Civ. P. 21. The purpose of this rule is "not only 'to prevent the sort of morass' produced by multi-claim, multi-defendants suits like this one, but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (quoting *George*, 507 F.3d at 952).

This unrelated claim against different defendants "belong[s] in [a] different suit[]." *George*, 507 F.3d 952. As the master of his complaint, the plaintiff shall be given the opportunity to determine which course is followed, as set forth further below. *See Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005).

**II.**

Given the foregoing, the following claims **shall proceed**:

- Eighth Amendment medical claims against Nurse Pamela Hansen, Nurse Debra Darlene Clemons, Tracy Roberts, H. Clark, Megan Andrews, Nurse Alexander Shelton, Megan Matthews, Lauren Kannaple, Laura Poland, Jennifer Eidson, Nurse Brian Carter, Hadley Wheatcraft, Melissa Rigney, Heather Michelle Clark, and Correct Care Solutions.

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Nurse Pamela Hansen, Nurse Debra Darlene Clemons, Tracy Roberts, H. Clark, Megan Andrews, Nurse Alexander Shelton, Megan Matthews, Lauren Kannaple, Laura Poland, Jennifer Eidson, Nurse Brian Carter, Hadley Wheatcraft, Melissa Rigney, Heather Michelle Clark, and Correct Care Solutions in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The clerk is **directed** to update the docket to reflect that the defendants named in the above paragraph are the only defendants in this action. The clerk is **directed** to update the docket to reflect that defendant "Correct Care Services" is properly named "Correct Care Solutions."

The plaintiff shall have **through January 29, 2018**, in which to notify the Court whether he wishes the Court to sever the misjoined claim identified above into an additional case. The plaintiff is notified that an additional case will make him responsible for the filing fee in that case and the screening requirement of 28 U.S.C. § 1915A will also be triggered. This means that merely because the claim is severed into a new action does not mean that those actions will necessarily pass the screening required by 28 U.S.C. § 1915A. This Entry does not rule on that question one way or another. Instead of asking the Court to sever the claims into new actions, the plaintiff may also notify the Court that he will simply file a new complaint for the misjoined claim.

> If the plaintiff fails to notify the Court regarding the misjoined claim by the above date, it will be considered abandoned and will be dismissed without prejudice.

**IT IS SO ORDERED.**

Date: 1/9/2018

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

STEVEN W. PRITT
196024
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Nurse Pamela Hansen
Employee at Marion County Jail
40 S. Alabama St.
Indianapolis, IN 46204

Nurse Debra Darlene Clemons
Employee at Marion County Jail
40 S. Alabama St.
Indianapolis, IN 46204

Tracy Roberts
Employee at Marion County Jail
40 S. Alabama St.
Indianapolis, IN 46204

H. Clark
Employee at Marion County Jail
40 S. Alabama St.
Indianapolis, IN 46204

Megan Andrews
Employee at Marion County Jail
40 S. Alabama St.
Indianapolis, IN 46204

Nurse Alexander Shelton
Employee at Marion County Jail
40 S. Alabama St.
Indianapolis, IN 46204

Megan Matthews
Employee at Marion County Jail
40 S. Alabama St.
Indianapolis, IN 46204

Lauren Kannaple
Employee at Marion County Jail
40 S. Alabama St.
Indianapolis, IN 46204

Laura Poland
Employee at Marion County Jail
40 S. Alabama St.
Indianapolis, IN 46204

Jennifer Eidson
Employee at Marion County Jail
40 S. Alabama St.
Indianapolis, IN 46204

Nurse Brian Carter
Employee at Marion County Jail
40 S. Alabama St.
Indianapolis, IN 46204

Hadley Wheatcraft
Employee at Marion County Jail
40 S. Alabama St.
Indianapolis, IN 46204

Melissa Rigney
Employee at Marion County Jail
40 S. Alabama St.
Indianapolis, IN 46204

Heather Michelle Clark
Employee at Marion County Jail
40 S. Alabama St.
Indianapolis, IN 46204

Correct Care Solutions
1283 Murfeesboro Rd., Suite 500
Nashville, TN 37217