UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN W. PRITT, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>CORRECT CARE SOLUTIONS, *et al.*, )<br> )<br>Defendants. ) | No. 1:17-cv-02664-JPH-MPB |

**ORDER GRANTING MOTION FOR CLARIFICATION**

Plaintiff Steven Pritt, an Indiana inmate, was transferred from the New Castle Correctional Facility to the Marion County Jail several times between December of 2015 and February 2017. He brought this action pursuant to 42 U.S.C. § 1983 alleging that he received inadequate medical care for his heart condition and mental health issues while he was confined at the Jail. He sued the private contractor that provides medical services at the Jail and several individual medical providers. The defendants moved for summary judgment and the Court granted the motion in part and denied it in part. Dkt. 123. The Court denied the motion as to defendant Nurse Carter, who interacted with Mr. Pritt in December 2015 and February 2017. *Id.* p. 19. The Court explained that because Mr. Pritt told Nurse Carter on December 15, 2015, that he was not receiving his medication and Nurse Carter did nothing to help him, a reasonable jury might conclude that Nurse Carter was deliberately indifferent to Mr. Pritt's serious medical needs in violation of his Eighth Amendment rights. *Id.* Nurse Carter seeks clarification of this order regarding his interaction with Mr. Pritt in February of 2017. Mr. Pritt has not responded to the motion.

There is no dispute of fact regarding whether Nurse Carter was deliberately indifferent to Mr. Pritt's serious medical needs in February of 2017. On February 16, 2017, Nurse Carter

1

conducted Mr. Pritt's intake screening. Dkt. 96-5 at 2 (¶ 6); dkt. 96-1 at 65-70. Mr. Pritt claims he told Nurse Carter what medications he was taking, and that Nurse Carter looked at the medications he brought with him. Dkt. 114 at 16 (¶ 2). Nurse Carter denies this occurred and claims Mr. Pritt denied that he was taking any medications. Dkt. 96-5 at 2 (¶ 6). But it is undisputed that Nurse Carter referred Mr. Pritt to the medical provider for consideration of whether he needed medication and to mental health staff based on his answers to the mental health questions and that the provider prescribed Mr. Pritt's medications the next day. *Id.* (¶¶ 6, 8). Nurse Carter also cleared Mr. Pritt for segregation by confirming there was no medical issue that prevented him from being placed in segregation. *Id.* at 3 (¶ 7). Based on these facts, even when considered in the light most favorable to Mr. Pritt, no reasonable jury could find that Nurse Carter was aware of a serious risk to Mr. Pritt but disregarded it. *See Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). While courts "look at the totality of an inmate's medical care when considering whether that care evidences deliberate indifference to serious medical needs," *id.*, because Nurse Carter's December 2015 interaction with Mr. Pritt was separated in time by over a year with the February 2017 interaction, these interactions are properly considered separately.

No reasonable jury could conclude that Nurse Carter acted with deliberate indifference to Mr. Pritt's medical needs in February 2017. Accordingly, the motion for clarification, dkt. [127], is **GRANTED** consistent with this Order.

**SO ORDERED.**

Date: 7/20/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

STEVEN W. PRITT
196024
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel